805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Angelo Lee CROSS, Plaintiff-Appellant,
v.
JEFFERSON COUNTY FISCAL COURT, Defendant-Appellee.
 No. 86-5605.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1986.
 
 Before MERRITT, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff moves for counsel on appeal from the district court's judgment dismissing his civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff's complaint alleges that he was falsely accused of a crime and improperly confined to the Jefferson County, Kentucky jail under unconstitutional conditions of confinement. The only defendant which the plaintiff sued was the Jefferson County Fiscal Court. As his relief, the plaintiff requested the appointment of counsel to defend his case. (The plaintiff has been released from imprisonment, so this case cannot be construed as a habeas petition.)
 
 
 3
 The district court incorrectly held that the fiscal court was not a "person" for purposes of Sec. 1983. Local governmental units are persons under Sec. 1983. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91 (1978). Nevertheless, the dismissal of the fiscal court can be affirmed on another ground. City of Cleveland v. Cleveland Electric Illuminating Co., 570 F.2d 123, 128 (6th Cir.1978).
 
 
 4
 A county is not liable for the actions of its employees without a showing that the county participated in the activity or approved of the activity. Monell, at 694; Hays v. Jefferson County, Kentucky, 668 F.2d 869, 872 (6th Cir.), cert. denied, 459 U.S. 833 (1982). Here the plaintiff's allegations do not show any connection between the fiscal court and the alleged constitutional violations of which he complains. Therefore, the case against the fiscal court was properly dismissed.
 
 
 5
 Another issue in this case requires further discussion. In Berndt v. State of Tennessee, --- F.2d ----, Case No. 84-5493, slip opinion (6th Cir. July 22, 1986), this Court held that it would be a miscarriage of justice to preclude a pro se plaintiff from pursuing a valid claim because he sued the wrong party. Id. at 5. The question then arises whether the plaintiff states a valid claim.
 
 
 6
 The plaintiff states that the proceedings against him constituted slander and false imprisonment. These torts do not become federal violations merely because the defendants are state officials, and the plaintiff has shown nothing more. Paul v. Davis, 424 U.S. 693, 698-99 (1976); Baker v. McCollan, 443 U.S. 137, 146 (1979). The plaintiff's allegations of abuse by guards and inmates do not assert any physical harm. Even giving these allegations a liberal construction, Haines v. Kerner, 404 U.S. 519, 520 (1972), they are merely conclusory. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir.1971). So the plaintiff has failed to state a valid claim.
 
 
 7
 The motion for counsel is denied. The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.